Requestor: David C. Dempsey, Esq., Town Attorney Town of Mt. Pleasant One Town Hall Plaza Valhalla, New York 10595
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a town may engage the services of auxiliary police officers under the provisions of the Defense Emergency Act. Further, you ask whether auxiliary peace officers may perform law enforcement functions.
The New York State Defense Emergency Act establishes procedures and provides special powers in the event of an enemy attack. McKinney's Unconsolidated Laws §§ 9101, et seq. The Defense Emergency Act authorizes only counties and cities to recruit, equip and train auxiliary police or special deputy sheriffs to perform police and emergency defense functions during and after attack. Id., § 9123(22). Thus, towns are not authorized to establish the positions of auxiliary police but must depend upon the county to establish these positions on their behalf. 1987 Op Atty Gen (Inf) 52; 1986 Op Atty Gen (Inf) 108. The local legislative body of a town may confer peace officer status upon members of its auxiliary police. McKinney's Unconsolidated Laws § 9185.
Concerning the powers of auxiliary police, under subdivision 26 of section 2.10 of the Criminal Procedure Law auxiliary police officers who have been designated peace officers exercise peace officer powers during a period of imminent or actual enemy attack and while combatting an actual or man-made disaster. See, also, article 2-B of the Executive Law. Additionally, these officers have the power to direct and control traffic during official drills in preparation for an attack or in preparation for combatting natural or man-made disasters. 1984 Op Atty Gen (Inf) 114; Criminal Procedure Law § 2.10(26). In undertaking this role, auxiliary police possess only those powers set forth in section2.20 of the Criminal Procedure Law that are needed to direct and control traffic. Ibid.
The scope of an auxiliary police officer's authority was examined inFitzgibbon v County of Nassau, 147 A.D.2d 40 (2d Dept 1989). A personal injury action was brought against the county and an auxiliary police officer by a pedestrian who was struck by an automobile driven by the auxiliary police officer. The county had provided that auxiliary police would supplement the duties of the regular police department throughout the county as part of their training exercises or drills. The defendants moved for dismissal of the complaint based upon the immunity provisions of the Defense Emergency Act. The Appellate Division denied this request, finding that the general patrol duties of the auxiliary police, including the activities performed by the officer in question, did not constitute an authorized drill and, therefore, was not within the immunity provisions. While acknowledging that auxiliary police units have taken on expanded law enforcement functions and have been deployed to assist law enforcement personnel in combatting the threat of crime, the Appellate Division refused to extend immunity to the actions in question. The Court found that the provisions of the Defense Emergency Act do not extend immunity to regular patrol duties performed by auxiliary police. The Fitzgibbon decision should be considered in determining the scope of duties performed by auxiliary police officers.
You also ask whether auxiliary police officers may carry and use a firearm while engaged in their duties. Under section 2.10(26) of the Criminal Procedure Law, auxiliary police officers who have been designated peace officers may possess a firearm only if licensed under section 400 of the Penal Law.
We conclude that counties may form auxiliary police units on behalf of towns. The powers of auxiliary police officers are defined under the provisions of the Defense Emergency Act and the Criminal Procedure Law. Auxiliary police officers designated as peace officers may possess a firearm only if licensed under section 400 of the Penal Law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.